UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE WILLIE WEAVER,<br><br>Plaintiff. | No. C 14-1075 RS (PR)<br>No. C 14-1288 RS (PR)<br>No. C 14-1496 RS (PR)<br>No. C 14-2449 RS (PR)<br>No. C 14-2599 RS (PR)<br>No. C 14-2600 RS (PR)<br>No. C 14-2685 RS (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner proceeding pro se, filed the above civil rights complaints under 42 U.S.C. § 1983. He also applied to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915 in each action.

The Court found that 28 U.S.C. § 1915(g) bars plaintiff from proceeding IFP in these actions because plaintiff (1) has had three or more prior prisoner actions dismissed by a federal court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted; and (2) does not appear to be seeking relief from a danger of serious physical injury which is imminent at the time of filing. Pursuant to the law of this Circuit, plaintiff nonetheless was afforded an opportunity to persuade the Court that

§ 1915(g) does not bar pauper status for him. *Id.* (citing *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005)).  The Court gave plaintiff over 80 days to show cause why § 1915(g) does not bar pauper status for him, and explained that failure to file a timely response or to pay the filing fee will result in the dismissal of this action without prejudice to bringing his claims in anew paid complaint.

Plaintiff has failed to file a response or pay the filing fee in the above actions. Accordingly, each action listed above is DISMISSED without prejudice to plaintiff bringing his claims in new paid complaints.  His motions to proceed IFP are DENIED.  In each action, the Clerk shall terminate any pending motion(s), enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED**.

DATED:  October 20, 2014

RICHARD SEEBORG
United States District Judge